**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Brendan A. Johnson, Esq. (SBN 366552)
bjohnson@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE MARIE LOPEZ, individually and as successor-in-interest to Isaac Christian Abril; K.A., a minor, by and through his guardian ad litem JACQUELINE MARIE LOPEZ, individually and as successor in-interest to Isaac Christian Abril; L.A., a minor, by and through her guardian ad litem, JACQUELINE MARIE LOPEZ, individually and as successor-in-interest to Isaac Christian Abril; FRANK ABRIL; and SUSAN ABRIL, individually<br><br>                Plaintiff,<br><br>        v.<br><br>CITY OF SAN BERNARDINO; and DOES 1-10, inclusive,<br><br>                Defendants. | Case No. 5:26-cv-02408-JGB-ACCV<br><br>*Assigned to*:<br>Hon. District Judge Jesus G. Bernal<br>Hon. Magistrate Judge Sheri Pym<br><br>**JOINT RULE 26 SCHEDULING CONFERENCE REPORT** |

**TO THIS HONORABLE COURT:**

In accordance with Federal Rule of Civil Procedure Rule 26(f), Central District Local Rule 26-1, and this Court's Order (Dkt. No. 19), Plaintiffs Jacqueline Marie Lopez, K.A., L.A., Frank Abril, and Susan Abril, and Defendant City of San Bernardino hereby respectfully submit the following Joint Rule 26 Scheduling

Conference Report. Pursuant to FRCP 26(f) and this Court's Standing Order, an early meeting was held on July 20, 2026, between Plaintiffs' counsel, Brendan A. Johnson of the Law Offices of Dale K. Galipo, and Defendant's counsel, Aamir Raza of Lawrence Beach Allen & Choi, PC.

## A. STATEMENT OF THE CASE

### 1. ACCORDING TO PLAINTIFF

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and California law. This case arises from the violation of various rights under the United States Constitution and California law in connection with the unjustified and unlawful use of less lethal and lethal force against Isaac Abril. Plaintiffs bring state and federal causes of action for: (1) violations of 42 U.S.C. § 1983 and the Fourth and Fourteenths Amendments, including Excessive Force, Denial of Medical Care, and Interference with Familial relationship; (2) Municipal Liability under *Monell* for Unconstitutional Custom or Policy, Failure to Train, and Ratification; (3) Battery; (4) Negligence; (5) Negligent Infliction of Emotional Distress; and (6) Violation of Cal. Civil Code § 52.1

On April 5, 2025, police officers for the San Bernadino Police Department responded to a call for service in the 10000 Block of N. Mountain View Ave. in the city of San Bernardino. When officers arrived, they observed Isaac Christian Abril ("Decedent") sitting on the ground naked and experiencing a mental health crisis. The officers aimed less lethal and lethal weapons at Decedent and shouted confusing, inadequate, and improper commands. Without giving proper commands or warnings, SBPD officers tased Decedent over fifteen times. While Decedent was under control of the Taser, and without issuing proper commands or warnings, SBPD officers also deployed less lethal bean bag shotgun rounds at least six times. In response to being excessively Tased and shot with less-lethal bean bag rounds, Decedent got up from the ground and began walking towards his home away from the direction of the officers and all other persons present. The officers continued to use their taser and bean bag rounds until one SBPD officer discharged his firearm, striking and killing

Decedent. Officers did not give an appropriate warning that lethal force would be used, did not give Decedent time to heed such a warning, and shot Decedent in the back multiple times. The incident was captured on the involved officers' body worn camera.

Throughout the incident, Decedent was not a threat to the Defendant Officers or any other person. Further, the Defendant Officers knew or should have known that Decedent was experiencing a mental health crisis. The officers repeatedly struck Decedent with the Taser and bean bag rounds, and eventually used lethal force, yet failed to timely summon paramedics or render medical aid. Decedent suffered significant physical and mental harm and died as a result of the incident.

**2. ACCORDING TO DEFENDANTS**

Defendant disputes Plaintiff's characterization of the event and notes that the incident was captured on the body worn camera of numerous police officers employed by Defendant.  That BWC footage provides the indisputable events that transpired and shows that the responding officers used only reasonable force in dealing with the situation that they faced.  As to the Monell claims, which are the only claims against this Defendant, in addition to there being no constitutional violation of the deceased's rights, the City has only lawful policies and does not have any custom of allowing excessive force; nor was there any ratification by the City.

**B. SUBJECT MATTER JURISDICTION**

This court has subject matter jurisdiction pursuant 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under California state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the U.S. Constitution.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants

JOINT RULE 26 SCHEDULING CONFERENCE REPORT

reside in this district and all incidents, events and occurrences giving rise to this action occurred in this district.

**C. LEGAL ISSUES**

Based on current information, the parties declare the key legal and factual issues in this case are:

1. Whether the use of force against Decedent, including less lethal and deadly force, was excessive under federal law;

2. Whether the use of force against Decedent, including less lethal and deadly force, was unreasonable under state law;

3. Whether the use of force, including less lethal and deadly force, against Decedent resulted from conduct that was malicious, oppressive, or in reckless disregard of his rights;

4. Whether the Defendant Officers denied medical care to Decedent;

5. Whether the City of San Bernardino has unconstitutional policies, customs, and practices that were the cause of the Decedent's injuries;

6. Whether the Defendant Officers were negligent with respect to their handling of the situation, including the use of less lethal and deadly force against Decedent and pre-shooting negligent tactics;

7. The nature and extent of Plaintiffs' damages, including punitive damage;

8. Whether the unnamed individual defendants are entitled to qualified immunity.

**D. PARTIES, EVIDENCE, ETC.**

The currently named parties are Plaintiffs Jacqueline Marie Lopez, K.A., L.A., Frank Abril, and Susan Abril, the estate of Isaac Abril and Defendant City of San Bernardino.

The parties both anticipate that the evidence they will use to support their claims will consist primarily of: the Defendant Officers' body-worn camera and dash-camera video recordings; the documents, photographs, forensic reports and/or

materials generated and/or collected during the San Bernardino Police Department's investigation of the subject incident; the City of San Bernardino Police Department's policies and training procedures in effect at the time of the subject incident; the Defendant Officers' training and disciplinary records; photographs and medical records documenting Decedent's injuries; and expert testimony.

**E. DAMAGES**

Plaintiffs claim general and special compensatory damages, according to proof at trial under federal and state law for their individual damages for the wrongful death of Decedent, and Decedent's survival damages, including his pre-death pain and suffering, loss of enjoyment of life, and loss of life. Plaintiffs K.A. and Frank Abril also seek general and special compensatory damages for negligence toward them. Plaintiffs also seek punitive and exemplary damages against the individual Defendant Officers. Plaintiffs also seek statutory attorney's fees pursuant to 42 U.S.C. and the Bane Act, costs and interests incurred. At this time, Plaintiffs estimate their damages to be in excess of $10 million.

**F. INSURANCE**

Defendant City of San Bernardino is a self-insured public entity per California Government Code § 990.

**G. MOTIONS**

Plaintiffs anticipate filing a motion to amend the complaint to add the officers involved in the incident following initial discovery.  Defendant intends to stipulate to the addition of these officers, which may obviate the need for a formal formation.

Plaintiffs anticipate bringing motions *in limine* should this case proceed to trial.

Plaintiffs request two weeks to oppose any dispositive motion that may be filed in this case, and the parties have proposed an extended briefing schedule on any dispositive motion.

Defendant anticipates filing dispositive motion(s) based on failure to comply

with the tort claims act by several plaintiffs, based on there being no constitutional violation by any as yet unnamed individual defendant and there being insufficient evidence as to the *Monell* claims.

**H. MANUAL FOR COMPLEX LITIGATION**

The parties agree that this is not a complex case and is therefore not subject to the Manual for Complex Litigation.

**I.  STATUS OF DISCOVERY**

The parties have not completed any discovery as of the time of the drafting of this report, but anticipate that initial discovery will be served prior to the Scheduling Conference.

**J.  DISCOVERY PLAN**

The parties' counsel agree that no changes should be made in the timing, form, or requirements for disclosures under Rule 26(a). The parties are not requesting any changes to the limitation discovery imposed under the FRCP or Local Rules at this time. The parties do not anticipate any issues concerning the disclosures or discovery of electronically stored information. The parties' counsel agree that no changes should be made as to discovery as it is governed by law or the Local Rules.

Plaintiff anticipates promptly propounding written discovery on Defendants, including a request for production seeking the materials pertaining to Defendant City's investigation into the subject incident. Plaintiff also anticipates deposing the Defendant Officers, other responding San Bernardino Police Department officers, and Defendants' retained experts. Plaintiffs may also depose EMTs, paramedics, and/or fire department members who arrived on scene to provide medical attention to Decedent, any witnesses to the incident as identified in Defendant's discovery production, the person(s) most knowledgeable regarding Defendant City's and the San Bernardino Police Department's policies and procedures pertaining to the use of force, and the detectives and/or criminalists who participated in the investigation of the incident.

Plaintiffs believe that subjects on which discovery may be needed include: the identities of the involved San Bernardino Police Department Officers, the Defendant Officers' training; the Defendant Officers' prior uses of force, if any, including any citizens' or internal complaints made against the Defendant Officers; Defendant City's and the San Bernardino Police Department's policies with regards to use of force complaints; Defendant City's and the San Bernardino Police Department's policies with regards to when deadly force may be used; the handling of evidence by employees of Defendant City and the San Bernardino Police Department; medical treatment provided to Plaintiff at the scene of the incident; and testimony of witnesses and involved San Bernardino Police Department officers regarding the facts of the shooting incident and the City's investigation into the incident.

Defendant anticipates serving written discovery as to Plaintiffs' damages and decedent's medical history which may have contributed to the event.  Defendant anticipates taking the deposition of Plaintiffs and their other family members and neighbors who have knowledge of the incident and prior similar behavior involving decedent.

**K. DISCOVERY CUT-OFF**

The parties propose a discovery cut-off date of October 21, 2027.

**L. EXPERT DISCOVERY**

The parties propose an initial expert disclosure date of August 23, 2027.

The parties propose a rebuttal expert disclosure date of September 23, 2027.

**M. DISPOSITIVE MOTIONS**

Plaintiffs request a minimum of two (2) weeks to oppose any dispositive motion, such as a motion for summary judgment or summary adjudication, should one be filed by Defendants.

**N. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)**

No formal settlement discussions have taken place at this time, however lead counsel for the parties have discussed their mutual desire to attempt an early

resolution of this matter.. The parties are amenable to using a private mediator / mediator with the attorney settlement panel.

**O. TRIAL ESTIMATE**

The parties have requested trial by jury and estimate the length of the trial at approximately 5-7 court days after jury selection.

**P. TRIAL COUNSEL**

Dale K. Galipo will be lead trial counsel for the Plaintiffs.

Aamir Raza is lead counsel for Defendant and anticipates representing any individual City police officer defendants that are to be named as well.

**Q. INDEPENDENT EXPERT OR MASTER**

The parties agree that neither a discovery master nor independent expert are needed for this lawsuit.

**R. TIMETABLE**

Please see attached proposed scheduled of dates.

**S. OTHER ISSUES**

The parties do not believe there are any other issues to discuss at this time.

Respectfully submitted,

DATED: July 27, 2026                          LAWRENCE BEACH ALLEN & CHOI, PC

                                              By:        /s/ Aamir Raza
                                                   _____
                                                   AAMIR RAZA
                                                   Attorneys for Defendant,
                                                   CITY OF SAN BERNARDINO

DATED: July 27, 2026                          LAW OFFICES OF DALE K. GALIPO

                                              By:        /s/ Brendan A. Johnson
                                                   _____
                                                   Dale K. Galipo
                                                   Brendan A. Johnson
                                                   Attorneys for Plaintiffs,
                                                   JACQUELINE MARIE LOPEZ, K.A., L.A.,
                                                   FRANK ABRIL, and SUSAN ABRIL

JOINT RULE 26 SCHEDULING CONFERENCE REPORT