**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Brendan A. Johnson, Esq. (SBN 366552)
bjohnson@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JACQUELINE MARIE LOPEZ, individually and as successor-in-interest to Isaac Christian Abril; K.A., a minor, by and through his guardian ad litem JACQUELINE MARIE LOPEZ, individually and as successor-in-interest Isaac Christian Abril; L.A., a minor, by and through his guardian ad litem, JACQUELINE MARIE LOPEZ, individually and as successor-in-interest to Isaac Christian Abril; FRANK ABRIL; and SUSAN ABRIL, individually,

Plaintiffs,

v.

CITY OF SAN BERNARDINO; MICHAEL MAUGER; DIEGO BLANCO; ULYSSES COURET; RAUL BALDERAS ENRIQUEZ; BRIANNA SINCLAIR, and DOES 6–10,

Defendants.

Case No. 5:26-cv-02408-JGB-ACCV

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Federal Law Claims

1. Fourth Amendment, Excessive Force (42 U.S.C. § 1983)
2. Fourth Amendment, Denial of Medical Care (42 U.S.C. § 1983)
3. 42 U.S.C. § 1983 Fourteenth Amendment, Interference with Familial Relationship
4. Municipal Liability, Unconstitutional Custom or Policy (42 U.S.C. § 1983)
5. Municipal Liability, Failure to Train (42 U.S.C. § 1983)
6. Municipal Liability, Ratification (42 U.S.C. § 1983)

State Law Claims

7. Battery (Wrongful Death)
8. Negligence (Wrongful Death)
9. Negligent Infliction of Emotional Distress, Bystander
10. Violation of Cal. Civil Code § 52.1

**DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs JACQUELINE MARIE LOPEZ, individually and as successor-in-interest to Isaac Christian Abril; K.A., a minor, by and through his guardian ad litem JACQUELINE MARIE LOPEZ, individually and as successor-in-interest Isaac Christian Abril; L.A., a minor, by and through his guardian ad litem, JACQUELINE MARIE LOPEZ, individually and as successor-in-interest to Isaac Christian Abril; FRANK ABRIL; and SUSAN ABRIL for their Complaint for Damages against Defendants CITY OF SAN BERNARDINO; MICHAEL MAUGER; DIEGO BLANCO; ULYSSES COURET; RAUL BALDERAS ENRIQUEZ; BRIANNA SINCLAIR, and DOES 6–10 and hereby allege as follows:

## INTRODUCTION

1. This civil rights and state tort action arises from the unjustified use of force by Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10 against 43-year-old Isaac Christian Abril. On April 5, 2025, San Bernardino Police Department officers recklessly escalated a manageable situation into a deadly confrontation, resulting in a life cut short, and a family permanently scarred by the loss of their husband, father, and son. Plaintiffs seek compensatory damages from Defendants for violating their rights under the United States Constitution and for their violations of state law. Plaintiffs seek punitive damages from Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3)–(4) because Plaintiffs assert claims arising

under the laws of the United States including 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

3. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. §1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred within this district.

5. On November 11, 2025, Plaintiffs served their comprehensive claim for damages on their own behalf and on behalf of Isaac Christian Abril with the CITY OF SAN BERNARDINO pursuant to applicable sections of the California Government Code. Said claims were denied by operation of law on December 22, 2025. On April 10, 2026, Honorable Khymberli S. Apaloo for the Superior Court of California, County of San Bernardino, granted K.A. and L.A.'s petition for relief pursuant to California Government Code § 911.4.

**PARTIES**

6. Isaac Christian Abril ("DECEDENT"), a 43-year-old man, was killed on April 5, 2025, by Defendant CITY OF SAN BERNARDINO police officers. At all relevant times, DECEDENT was an individual residing in San Bernardino.

7. Plaintiff JACQUELINE MARIE LOPEZ is an individual who was residing in San Bernardino at the time of the incident. JACQUELINE MARIE LOPEZ is the wife of DECEDENT and sues under federal law in her individual capacity and as successor-in-interest to DECEDENT. Plaintiff JACQUELINE MARIE LOPEZ is DECEDENT'S successor-in-interest pursuant to California Code of Civil Procedure §§377.30 and 377.60.

8. Plaintiff K.A. is a minor who was residing in San Bernardino at the time of the incident. Plaintiff K.A. is the natural son of DECEDENT and sues under federal and state law in his individual capacity and as successor-in-interest to DECEDENT. Plaintiff K.A. is DECEDENT's successor-in-interest pursuant to California Code of Civil Procedure, §§377.30 and 377.60.

9. Plaintiff L.A. is a minor who was residing in San Bernardino at the time of the incident. Plaintiff L.A. is the natural son of DECEDENT and sues under federal and state law in his individual capacity and as successor-in-interest to DECEDENT. Plaintiff L.A. is DECEDENT's successor-in-interest pursuant to California Code of Civil Procedure, §§377.30 and 377.60.

10. Plaintiff FRANK ABRIL is an individual who was residing in San Bernardino at the time of the incident. FRANK ABRIL is the father of DECEDENT and sues under federal law in his individual capacity.

11. Plaintiff SUSAN ABRIL is an individual who was residing in San Bernardino at the time of the incident. SUSAN ABRIL is the mother of DECEDENT and sues under federal law in her individual capacity.

12. Defendant CITY OF SAN BERNARDINO ("CITY") is a political subdivision of the State of California that is within this judicial district. Defendant CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the CITY Police Department ("SBPD") and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring those actions, omissions, policies, procedures, practices, and customs of the Defendant CITY, SBPD, and its employees and agents complied with the laws of the United States and the State of California. At all relevant times, Defendant CITY was the employer of Defendant Officers MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10.

13. MICHAEL MAUGER is and at all relevant times was a police officer with the SBPD. At all relevant times, MICHAEL MAUGER was acting under the color of law within the course and scope of his duties as a police officer working for the SBPD. At all relevant times, MICHAEL MAUGER acted with complete authority and ratification of his principal, Defendant CITY.

14. DIEGO BLANCO is and at all relevant times was a police officer with the SBPD. At all relevant times, DIEGO BLANCO was acting under the color of law within the course and scope of his duties as a police officer working for the SBPD. At all relevant times, DIEGO BLANCO acted with complete authority and ratification of his principal, Defendant CITY.

15. ULYSSES COURET is and at all relevant times was a police officer with the SBPD. At all relevant times, ULYSSES COURET was acting under the color of law within the course and scope of his duties as a police officer working for the SBPD. At all relevant times, ULYSSES COURET acted with complete authority and ratification of his principal, Defendant CITY.

16. RAUL BALDERAS ENRIQUEZ is and at all relevant times was a police officer with the SBPD. At all relevant times, RAUL BALDERAS ENRIQUEZ was acting under the color of law within the course and scope of his duties as a police officer working for the SBPD. At all relevant times, RAUL BALDERAS ENRIQUEZ acted with complete authority and ratification of his principal, Defendant CITY.

17. BRIANNA SINCLAIR is and at all relevant times was a police officer with the SBPD. At all relevant times, BRIANNA SINCLAIR was acting under the color of law within the course and scope of her duties as a police officer working for the SBPD. At all relevant times, BRIANNA

SINCLAIR acted with complete authority and ratification of her principal, Defendant CITY.

18. Defendant Officers DOES 6–8 ("DOE OFFICERS") are police officers with the SBPD. At all relevant times, DOES 6–8 were acting under the color of law within the course and scope of their duties as officers working for the SPBD. At all relevant times, DOES 6–8 acted with complete authority and ratification of their principal, Defendant CITY.

19. Defendants DOES 9–10 are managerial, supervisorial, or policymaking employees of the Defendant CITY who were acting under color of law within the course and scope of their duties as supervisorial officials for the SBPD. Defendant DOES 9–10 were acting with the complete authority of their principal, Defendant CITY.

20. Plaintiffs are ignorant of the true names and capacities of DOES 6–10 and therefore sue them by such fictitious names. Plaintiffs will amend the complaint to allege the true names and capacities of those Defendants when their names have been ascertained. Plaintiffs are informed and believe, and on that basis allege, that DOES 6–10 are responsible in some manner for the occurrences alleged herein and proximately caused Plaintiffs' damages.

21. According to information and belief, Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–10 were at all relevant times residents of the city of San Bernardino.

22. Defendants acted at all times mentioned herein as the actual and/or ostensible agents, employees, servants, or representatives of each other and, in doing the activities alleged herein, acted within the scope of their authority as agents and employees, and with the permission and consent of each other.

23. Plaintiff is informed and believes, and on that basis alleges, that at all times mentioned herein all individual Defendants, including Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–10, acted under the color of law, statute, ordinance, regulations, customs and usages of the State of California and the Defendant CITY.

24. Pursuant to Cal. Govt. Code §815.2(a), Defendant CITY is vicariously liable for the nonfeasance and malfeasance of the individual Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–10as alleged by Plaintiffs' state law claims. Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–10 are liable for their nonfeasance and malfeasance pursuant to Cal. Civ. Code §820(a). Defendant CITY is also liable pursuant to Cal. Govt. Code §815.6.

25. All Defendants who are natural persons, including Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–10are sued individually. Defendant CITY is being sued for direct liability under *Monell* and vicarious liability under Plaintiffs' state law claims.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

26. On or about April 5, 2025, officers from the City of San Bernardino ("CITY") Police Department ("SBPD") responded to a call for service in the 1000 Block of N. Mountain View Ave. in the City of San Bernardino.

27. Upon arrival, MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–8 ("Defendant Officers") found DECEDENT

outside of his residence or near his residence. DECEDENT was sitting on the ground.

28. Defendant Officers also contacted FRANK ABRIL and K.A., who were present at the scene at all times herein.

29. When Defendant Officers contacted DECEDENT, Defendant Officers aimed lethal and less-lethal weapons at him and repeatedly shouted confusing and improper commands.

30. DECEDENT remained on the ground and did not pose a threat to the officers or any other person. DECEDENT was not armed with a gun and did not verbally threaten the Defendant Officers or any other person.

31. Without giving proper commands, instructions, or warnings, Defendant DIEGO BLANCO tased DECEDENT over fifteen times. DECEDENT remained on the ground, bleeding, and was not a threat to the Defendant Officers or any other person.

32. While he was under control of the Taser, and without issuing proper commands or warnings, Defendant ULYSSES COURET deployed less-lethal shotgun rounds at least four times, Defendant RAUL BALDERAS ENRIQUEZ deployed less-lethal shotgun rounds at least 5 times, and Defendant BRIANNA SINCLAR deployed at least one less-lethal round.

33. At the time he was struck by the bean bag rounds, DECEDENT did not pose an immediate threat of death or serious bodily injury to any person, including the involved officers.

34. In response to being excessively Tased and shot with less-lethal bean bag rounds, DECEDENT got up from the ground and began walking towards his home away from the direction of the officers and all other persons present.

35. While DECEDENT was walking away from the officers, Defendant Officers continued to use their Tasers and less-lethal bean bag rounds.

36. Thereafter, Defendant MICHAEL MAUGER discharged his firearm ten times, striking and killing DECEDENT.

37. At the time of the shooting, DECEDENT did not pose an immediate threat of death or serious bodily injury to any person, including the involved Defendant Officers.

38. The Defendant Officers failed to provide a verbal warning indicating that deadly force would be used and did not afford DECEDENT an opportunity to heed any such warning.

39. At no time during the encounter did DECEDENT verbally threaten to harm anyone.

40. The Defendant Officers did not employ tactics to de-escalate the situation, failed to give DECEDENT time and space to understand and accept the presence of the officers, failed to approach and speak to DECEDENT in a non-threatening manner, failed to consider whether DECEDENT was able to understand them, and failed to give DECEDENT the opportunity to consent to and cooperate with the instructions of the officers in a manner he could understand.

41. Following the shooting, the involved officers neglected to promptly summon medical attention for, or provide medical aid to, DECEDENT.

42. As a direct and proximate result of the shooting and the subsequent failure to provide timely medical care, DECEDENT experienced severe pain and suffering, loss of life, and loss of earning capacity.

43. As a direct and proximate result of being at the scene and seeing his father be excessively and continuously Tased, shot with less-lethal bean

bag rounds, and eventually shot and killed with lethal rounds, all outside of his family home, Plaintiff K.A. has experienced emotional pain and suffering.

## FIRST CLAIM FOR RELIEF

**Fourth Amendment—Excessive Force (42 U.S.C. § 1983)**

(Plaintiffs JACQUELINE MARIE LOPEZ, K.A., and L.A. against Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–10)

44. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

45. Plaintiffs JACQUELINE MARIE LOPEZ, K.A., and L.A. bring this claim for relief in their capacity as the successors in interest of DECEDENT under California Code of Civil Procedure § 377.30.

46. The Fourth Amendment of the United States Constitution, as applied to State Actors by the Fourteenth Amendment, provides the right of every person to be free from the use of excessive force by law enforcement officers.

47. Defendant Officers failed to employ de-escalation tactics, gave conflicting and simultaneous commands, and did not provide a verbal warning for the use of less-lethal and deadly force when it was feasible to do so.

48. The Defendant Officers used excessive force against DECEDENT by Tasing him and shooting him with the less-lethal bean bag shotgun multiple times and fatally shooting him, despite the fact that DECEDENT was not an immediate threat of death or serious bodily injury. Furthermore, no verbal warning of less-lethal or deadly force was given, nor was DECEDENT given an opportunity to heed such a warning. This unjustified

and unreasonable use of force violated DECEDENT'S Fourth Amendment rights.

49. As a direct result of the Defendant Officers' actions, DECEDENT experienced severe physical and psychological pain up to the time of his death.

50. Defendant Officers acted within the course and scope of their employment as officers for the SBPD and acted under color of state law.

51. The use of force was excessive and unreasonable, given that DECEDENT posed no immediate threat and never verbally threatened anyone.

52. The conduct of Defendant Officers was willful, wanton, malicious, and done with reckless disregard for DECEDENT'S rights and safety, warranting the imposition of exemplary and punitive damages.

53. The use of force was excessive and unreasonable under the circumstances, especially since DECEDENT never attempted to physically injure the Defendant Officers or anyone else, never verbally threatened anyone and never pointed a weapon at the Defendant Officers or anyone else. DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting. Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–10's actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

54. No serious crime was being responded to, and the Defendant Officers knew or should have known that DECEDENT was experiencing a mental health crisis.

55. MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–8are directly liable for DECEDENT'S injuries, either because they were integral participants in the excessive force and because they failed to intervene to prevent the use of excessive force. DOES 9–10 are liable for exhibiting deliberate indifference to the known propensity of MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–8 to use excessive force. DOES 9–10 failed to take appropriate supervisory action or implement effective preventative measures. Their failure to properly supervise, train, or discipline and MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–8directly and proximately caused the violation of the Plaintiffs' constitutional rights during the incident in question.

56. Plaintiffs seek survival damages, including but not limited to pre-death pain and suffering, loss of life, loss of opportunity of life, and loss of enjoyment of life, under this claim. Plaintiffs also seek attorneys' fees and costs under this claim.

57. The conduct of MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–8 was malicious, wanton, oppressive, and carried out with conscious disregard for the rights of both the Plaintiffs and DECEDENT. MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–8intentionally deprived and violated the constitutional rights of Plaintiffs and DECEDENT or acted with reckless disregard for those rights. As such, this conduct entitles the Plaintiffs to an award of exemplary and punitive damages from MICHAEL MAUGER, DIEGO BLANCO, ULYSSES

COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–8.

## SECOND CLAIM FOR RELIEF

**Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)**

(Plaintiffs JACQUELINE MARIE LOPEZ, K.A., and L.A. against MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–10)

58. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

59. After being struck by the Taser and bean bag rounds and shot by lethal rounds, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment. Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT.

60. The denial of medical care by the Defendant Officers deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

61. Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–8knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

62. The conduct of MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA

SINCLAIR, and DOES 6–8was willful, wanton, malicious, and done with reckless disregard for the rights and safety of decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–8.

63. As a result of their misconduct, Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–8are liable for DECEDENT's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to present these violations.

As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity. All Plaintiffs bring this claim as successor in interest to DECEDENT and seek survival damages for the violation of DECEDENT's rights. Plaintiffs further seek attorney's fees and costs under this claim.

## THIRD CLAIM FOR RELIEF

**Fourteenth Amendment—Denial of Familial Relationship (42 U.S.C. § 1983)**

(All Plaintiffs against MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–10)

64. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

65. JACQUELINE MARIE LOPEZ had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or

property in such a manner as to shock the conscience, including but limited to unwarranted state interference in JACQUELINE MARIE LOPEZ's familial relationship with her husband, DECEDENT.

66. K.A. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in K.A.'s familial relationship with his father, DECEDENT.

67. L.A. had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in L.A.'s familial relationship with his father, DECEDENT.

68. FRANK ABRIL had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in FRANK ABRIL's relationship with his son, DECEDENT.

69. SUSAN ABRIL had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free form state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in SUSAN ABRIL's relationship with her son, DECEDENT.

70. MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–

10acted within the course and scope of their employment as officers for the Defendant CITY and SBPD and acted under color of state law.

71. The aforementioned actions of Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–10shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

72. As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died. Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–10thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

73. As a direct and proximate cause of the acts of Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–10, Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

74. MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–8are liable for DECEDENT'S injuries either because they were integral participants in the excessive force and because they failed to intervene to prevent the excessive force. DOES 9–10 are liable for DECEDENT's injuries either because they failed to take appropriate supervisory action or implement effective preventative measures. Their failure to properly supervise, train, or discipline MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET,

RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–8directly and proximately caused the violation of the Plaintiffs' constitutional rights during the incident in question.

75. Plaintiffs bring this claim individually and as successors-in-interest to DECEDENT and seek both survival and wrongful death damages for the violation of their rights. Plaintiffs also seek attorney's fees and costs under this claim.

76. The conduct of MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–8was malicious, wanton, oppressive, and carried out with conscious disregard for the rights of both the Plaintiffs and DECEDENT. MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–8intentionally deprived and violated their constitutional rights, or acted with reckless disregard for those rights. As such, this conduct entitles the Plaintiff to an award of exemplary and punitive damages from MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6–8.

## <u>FOURTH CLAIM FOR RELIEF</u>

**Municipal Liability: Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(All Plaintiffs against Defendant CITY)

77. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

78. The actions of MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10, which deprived DECEDENT and Plaintiffs of their constitutional rights under the Fourth and Fourteenth Amendments, were

carried out in accordance with a widespread and longstanding practice or custom of Defendant CITY. This custom condones, ratifies, and acquiesces in the excessive use of deadly force by SBPD officers. Due to this ingrained practice, Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10have not been disciplined, reprimanded, retrained, suspended, or faced any administrative or adverse employment consequences in connection with DECEDENT'S death. This practice or custom by CITY serves as the moving force behind the deprivation of the Plaintiffs' rights and DECEDENT'S death.

79. Defendants CITY, together with other CITY final policymakers and supervisors, maintained the following unconstitutional customs, practices, and policies:

a. The use of excessive force, including excessive deadly force by SBPD officers when there is no need for deadly force, or where there is no imminent threat to officers.
b. The CITY's failure to provide adequate training regarding the use of force, including the use of the Taser, less-lethal bean bag shotgun, and the use of deadly force.
c. The CITY's employing and retaining as police officers any individuals whom the CITY knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive deadly force.
d. The use of excessive force by SBPD officers against individuals suffering from a mental health crisis when there are reasonable alternatives.
e. The CITY's inadequately supervising, training, controlling, assigning, and disciplining Police Officers, contributing to

situations like that encountered on April 5, 2025, where lack of proper direction and control led to the escalation of a situation involving an emotionally distressed individual and resulted in fatal consequences.

f. The CITY’s maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by CITY police officers, as demonstrated by the incident on April 5, 2025, where conflicting and inadequate orders and the use of lethal force against an individual suffering from a mental health crisis highlight systemic failures in handling such situations.

g. The CITY’s custom and practice of concluding that acts of excessive use of force are “within policy” including use of deadly force instances such as the one on April 5, 2025, where excessive less-lethal and lethal force was used against an individual in a mental health crisis who did not pose an immediate threat of death or serious bodily injury to any person.

h. Even when an incident such as the one on April 5, 2025, is brought to light, where the use of force was excessive and fatal against a mentally distressed individual, the CITY has refused to discipline, terminate, or retrain the officers involved.

i. The CITY’s custom and practice of accommodating, or facilitating a “code of silence,” pursuant to which police officers do not report other officers’ errors, misconduct, or crimes, as potentially indicated by the lack of immediate corrective actions or reporting regarding the incident on April 5, 2025.

j. The CITY’s maintaining a policy of inaction and an attitude of indifference towards soaring numbers of instances of excessive

force by police officers, as evidenced by the fatal incident on April 5, 2025, where a lack of discipline, retraining, investigation, termination, and recommendation for criminal prosecution perpetuates a cycle of violence, especially against vulnerable populations.

k. The CITY's custom and practice of providing inadequate training regarding handling situations with mentally disturbed persons and failing to provide adequate training in compliance with Welfare and Institutions Code § 5150 and 5158, as exemplified by the incident on April 5, 2025, where the officers were ill-prepared to de-escalate a situation involving an individual suffering from a mental health crisis, leading to fatal consequences.

80. Defendants CITY, along with MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10, together with various other CITY officials, and final policy makers, had either actual or constructive knowledge of the unconstitutional policies, practices and customs alleged in the paragraphs above. The Defendants CITY, along with MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10, acted with deliberate indifference to the foreseeable effects and consequences of these customs and policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

81. The CITY's longstanding practice or custom caused the deprivation of DECEDENT and Plaintiffs' rights by MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10; that is, the CITY's official policy condoning excessive force is so closely related to the deprivation of

DECEDENT and Plaintiffs' rights in this case as to be the moving force that caused DECEDENT'S death.

82. The CITY had either actual or constructive knowledge of the unconstitutional policies, practices and customs alleged in the paragraphs above.

83. The CITY also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

84. By reason of the aforementioned acts and omissions, the Plaintiffs have suffered the loss of the love, companionship, affection, comfort, care, society, training, guidance, and moral support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

85. Accordingly, Defendant CITY is liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

86. Plaintiffs bring their claim individually and as successors in interest to DECEDENT and seek wrongful death damages under this claim. Plaintiffs also seek attorney's fees under this claim pursuant to 42 U.S.C. § 1988(b).

**FIFTH CLAIM FOR RELIEF**

**Municipal Liability: Failure to Train (42 U.S.C. § 1983)**

(All Plaintiffs. against Defendants CITY)

87. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

88. At all times herein mentioned, MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ,

BRIANNA SINCLAIR, and DOES 6-10, acted under color of law and the acts and omissions of MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10deprived DECEDENT and Plaintiffs of their Constitutional rights under the United States Constitution. The training policies of Defendant CITY were not adequate to properly train SBPD officers to handle the usual and recurring situations in their interactions with residents, including responding to calls and interacting with people who display symptoms of mental illness. The training policies of Defendant CITY were not adequate to properly train SBPD officers with regard to the use of less-lethal and deadly force, the permissible use of the Taser, less-lethal shot guns, and deadly weapons, and protecting the rights of persons to medical care during in the course of detaining individuals.

89. The unjustified and excessive use of deadly force against DECEDENT by MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10, was a result of the negligent training by Defendant CITY who failed to train SBPD officers, such as MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10, as to proper police tactics, proper use of force—including proper use of the Taser, proper use of less-lethal force options, and proper use of deadly force—and proper police tactics in the use of force. Defendant CITY was responsible for the training of SBPD officers to ensure that the actions, procedures, and practices of MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10, complied with Peace Officer Standards and Training ("POST") training standards regarding proper police tactics, proper use of force, and proper use of force.

90. Defendant CITY negligently failed to train CITY police officers, such as MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10, to comply with POST training standards regarding proper police tactics, proper use of force, proper use of deadly force, and proper police tactics when dealing with individuals suffering from a mental health crisis. POST was established by the California Legislature in 1959 to set minimum training standards for California police officers. The training policies of Defendant CITY were not adequate to train its police officers to handle the usual and recurring situations with residents and pretrial detainees that MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10have contact with.

91. The training policies of Defendant CITY were deficient in the following:

a. Defendant CITY failed to adequately train San Bernardino Police Department officers, such as MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10, in de-escalating interactions with the public. Instead of de-escalation, MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10escalated their interactions with DECEDENT, who was experiencing a mental health crisis.

b. Defendant CITY failed to properly train San Bernardino Police Department officers, like MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10, to manage their fear to prevent it from becoming unreasonable and not

objectively justifiable. This lack of training led to the use of deadly force by MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10, causing the death of members of the public, such as DECEDENT.

c. Defendant CITY failed to properly train CITY police officers, such as MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10, in proper police tactics, such as situational awareness, to prevent the use of negligent tactics, which is what MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10did in this case. Because of this lack of proper training by Defendant CITY, MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10did not use proper police tactics in handling their contact and interaction with DECEDENT, and MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10used defective police tactics, including the lack of situational awareness. These training failures by Defendant CITY, and defective tactics by MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10, resulted in the death of DECEDENT.

d. Defendant CITY failed to properly train police officers, such as MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET,

RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10, on the importance of effective communication between officers prior to using any type of force.

e. Because of the lack of proper training by CITY, MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10did not use effective communication prior to and during the use of force against DECEDENT. This ineffective communication by MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10, prior to and during the incident, resulted in the death of DECEDENT, causing constitutional injuries to DECEDENT and Plaintiffs.

92. The failure of Defendant CITY to provide proper training to its police officers resulted in the deprivation of Plaintiffs' rights by MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10. Defendant CITY's failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injuries to Plaintiffs.

93. The training policies of the CITY were not adequate to train its police officers to handle the usual and recurring situations they must deal with. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to properly train its police officers.

94. The failure of the CITY to provide adequate training to its police officers caused the deprivation of Plaintiffs' rights by MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10; the CITY's failure to train is so closely related to the deprivation of DECEDENT and Plaintiffs' rights as to

be the moving force that caused the ultimate constitutional injuries to Plaintiffs.

95. By reason of the aforementioned acts and omissions of Defendant CITY, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and moral support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT'S pain and suffering, loss of enjoyment of life, and death.

96. Defendant CITY is liable to the Plaintiffs for compensatory damages under 42 U.S.C. § 1983. Plaintiffs bring these claims as DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and seek survival damages for the violation of DECEDENT's rights. Plaintiffs also seek reasonable attorneys' fees pursuant to 28 U.S.C. § 1988, costs, and interest.

## SIXTH CLAIM FOR RELIEF

**Municipal Liability for Ratification (42 U.S.C. § 1983)**

(All Plaintiffs against Defendants CITY and DOES 9-10)

97. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this complaint with the same force and effect as if fully set forth herein.

98. Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-8acted under color of law.

99. The acts of Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-8deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

100. Upon information and belief, final policymakers, acting under color of law, who had final policymaking authority concerning the acts of

Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-8ratified the individual Defendants' acts and the bases for them. Upon information and belief, the final policymakers have determined (or will determine) that the acts of Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-8were "within policy."

101. On information and belief, the CITY ratified the conduct by DOE OFFICERS as alleged herein.

102. By reason of the aforementioned acts and omissions, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

103. Accordingly, Defendants CITY and DOES 9-10 are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

104. Plaintiffs bring this claim both individually and as successors-in-interest to DECEDENT. Plaintiffs seek survival damages, including for the nature and extent of DECEDENT's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as wrongful death damages, attorneys' fees, and costs under this claim.

105. The conduct of Defendants DOES 9-10 was malicious, oppressive and in reckless disregard for the rights and safety of DECEDENT and Plaintiffs and warrants the imposition of exemplary and punitive damages as to DOES 9-10.

## SEVENTH CLAIM FOR RELIEF

**Battery (Wrongful Death)**

(Plaintiffs K.A. and L.A. against all Defendants)

106. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

107. Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10acted within the course and scope of their employment as officers for the Defendant CITY and SBPD and acted under color of state law.

108. Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-8intentionally used less-lethal and lethal force against DECEDENT, resulting in significant mental and physical pain and eventually death. MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10had no legal justification for using force against DECEDENT, making the use of force unreasonable under the circumstances.

109. Police officers may only use deadly force when a threat of death or serious bodily injury is imminent. A threat is imminent when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person.

110. At all relevant times, DECEDENT did not have the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the Defendant Officers or any other person. Accordingly, DECEDENT did not pose an imminent threat of death or serious bodily injury

to anyone, including Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10.

111. MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10failed to give adequate warnings, and failed to allow DECEDENT to understand their warnings, before using less-lethal and lethal force.

112. Defendant CITY is vicariously liable for the wrongful acts of Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries proximately caused by an act or omission of an employee of the public entity.

113. The conduct of Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT, entitling Plaintiffs to an award of exemplary and punitive damages.

114. Plaintiffs seek wrongful death, and punitive damages under this claim.

## **EIGHTH CLAIM FOR RELIEF**

**Negligence (Wrongful Death)**

(Plaintiffs K.A. and L.A. against all Defendants)

115. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

116. Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and

DOES 6-10acted within the course and scope of their employment as officers for the Defendant CITY and SBPD and acted under color of state law.

117. Police officers, including Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10, have a duty to use reasonable care to prevent harm and injury to others. This duty includes using appropriate tactics, giving appropriate commands, using de-escalation techniques, and only using force as a last resort. Especially when dealing with individuals in a mental health crisis. Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10also have a responsibility to provide timely medical care to individuals they have harmed.

118. Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10negligently caused physical injury to DECEDENT when they, without any tactical plan, tased DECEDENT several times while he was on the ground and not threatening anyone without giving him adequate warning or time to understand and appreciate the warning, deployed less-lethal bean bag shotgun rounds while DECEDENT was on the ground and not threatening anyone, and failing to give any warning before the use of deadly force. Their use of force was excessive, unreasonable, and negligent, including their pre-shooting conduct and post-shooting neglect to provide medical care.

119. Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10breached their duty of care. Their actions were negligent and reckless, including but not limited to: (a) using less-lethal force, including the Taser and bean bag shotgun, while DECEDENT was not a threat to any person, including DOES 1-10; (b) contributing to DECEDENT'S

disorientation by shouting conflicting and inadequate commands; (c) using lethal force without warning when DECEDENT was not a threat of death or serious bodily injury to anyone, including MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10; and (d) failing to provide or summon timely medical care after the shooting.

120. As a direct and proximate result of the conduct of Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10, DECEDENT suffered severe physical and mental pain, loss of life, and loss of earning capacity.

121. At all relevant times, DECEDENT was not an immediate threat of death or serious bodily injury to anyone and was not given any warning that less-lethal and lethal force would be used.

122. Defendant CITY is vicariously liable for the wrongful acts of Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10pursuant to section 815.2(a) of the California Government Code.

123. Plaintiffs bring this claim as successors-in-interest to DECEDENT and seek wrongful death and punitive damages under this claim.

## <u>NINTH CLAIM FOR RELIEF</u>

**Negligent Infliction of Emotional Distress**

(Plaintiff K.A. against all Defendants)

124. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

125. Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and

DOES 6-10negligently caused physical injury and death to DECEDENT when they discharged their less-lethal and lethal weapons at DECEDENT, striking him, causing him serious physical and mental pain and eventually killing him. The use of force by MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10was excessive, unreasonable and MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10were negligent in discharging their weapons at DECEDENT, including pre-shooting negligent conduct, actions, inactions, and tactics.

126. K.A. was present at the scene, which is his residence, when DOES 1-10 fatally discharged less-lethal and lethal weapons at DECEDENT and K.A. was aware that DECEDENT was being injured.

127. As a result of being present at the scene and perceiving his father, DECEDENT, being excessively tased, shot with less-lethal bean bag rounds, and eventually fatally shot by MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10, Plaintiff suffered serious emotional distress, including but not limited to suffering anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

128. On information and belief, an ordinary reasonable person would be unable to cope with perceiving his father shot multiple times by the police, including with the Taser, less-lethal bean bag shotgun rounds, and lethal firearm rounds, especially at their own residence.

129. CITY is vicariously liable for the wrongful acts of MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public

entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability.

130. Plaintiff brings this claim individually and seeks damages under this claim as an individual.

131. Therefore, Plaintiff is entitled to an award of compensatory and punitive damages against said defendants.

**<u>TENTH CLAIM FOR RELIEF</u>**

**Violation of Cal. Civil Code § 52.1**

(Plaintiffs K.A. and L.A. against all Defendants)

132. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

133. Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10acted within the course and scope of their employment as officers for the Defendant CITY and SBPD and acted under color of state law.

134. The Bane Act, the California Constitution, and California common law prohibit the use of excessive force by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims.

135. On information and belief, Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by using excessive force against him without justification or excuse.

136. When Defendants unnecessarily fired less-lethal and lethal weapons at DECEDENT, they interfered with his civil rights to be free from

unreasonable searches and seizures, due process, equal protection of the laws, medical care, and life, liberty, and property. They intentionally used less-lethal and lethal force, demonstrating a reckless disregard for DECEDENT'S right to be free from excessive force.

137. On information and belief, Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights.

138. On information and belief, DECEDENT reasonably believed that the violent acts committed by Defendants were intended to discourage him from exercising his civil rights.

139. Defendants successfully interfered with the civil rights of DECEDENT and Plaintiffs.

140. DECEDENT was caused to suffer severe pain and suffering, loss of enjoyment of life, and loss of life. The conduct of Defendants was a substantial factor in causing the harm, losses, injuries, and damages DECEDENT.

141. Defendant CITY is vicariously liable for the wrongful acts of Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10under California law and the doctrine of *respondeat superior* and section 815.2(a) of the California Government Code.

142. The conduct of the individual Defendants MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and

DECEDENT. Plaintiffs are thus entitled to an award of exemplary and punitive damages.

143. Plaintiffs also seek wrongful death damages, costs and attorneys' fees under this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs JACQUELINE MARIE LOPEZ, individually and as successor-in-interest to Isaac Christian Abril; K.A., a minor, by and through his guardian ad litem JACQUELINE MARIE LOPEZ, individually and as successor-in-interest Isaac Christian Abril; L.A., a minor, by and through his guardian ad litem, JACQUELINE MARIE LOPEZ, individually and as successor-in-interest to Isaac Christian Abril; FRANK ABRIL; and SUSAN ABRIL, requests entry of judgment in her favor against Defendants CITY OF SAN BERNARDINO, MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10as follows:

1. For compensatory damages according to proof at trial, including: survival damages, not limited to pre-death pain and suffering and loss life under federal law; and wrongful death damages under federal and state law;

2. For funeral and burial expenses, and loss of financial support;

3. For loss of consortium;

4. For punitive and exemplary damages against MICHAEL MAUGER, DIEGO BLANCO, ULYSSES COURET, RAUL BALDERAS ENRIQUEZ, BRIANNA SINCLAIR, and DOES 6-10in an amount to be proven at trial;

5. For statutory damages;

6. For reasonable attorneys' fees including litigation expenses;

7. For costs of suit and interest incurred; and

8. For such other and further relief as the Court may deem just, proper, and appropriate.

DATED: November 16, 2026 **LAW OFFICES OF DALE K. GALIPO**

*/s/ Brendan A. Johnson*

Dale K. Galipo
Brendan A. Johnson
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby submit this demand that this action be tried in front of a jury.

DATED: November 16, 2026

**LAW OFFICES OF DALE K. GALIPO**

*/s/ Brendan A. Johnson*

Dale K. Galipo
Brendan A. Johnson
*Attorneys for Plaintiff*