Aamir Raza, Esq. [State Bar No. 223530]
E-mail: araza@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
E-mail: LBACOCstaff@lbaclaw.com
959 South Coast Drive, Suite 260
Costa Mesa, California 92626
Telephone No.: (714) 479-0180

Attorneys for Defendant, CITY OF SAN BERNARDINO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACQUELINE MARIE LOPEZ, individually and as successor-in-interest to Isaac Christian Abril; K.A., a minor, by and through his guardian ad litem JACQUELINE MARIE LOPEZ, individually and as successor-in-interest Isaac Christian Abril; L.A., a minor, by and through her guardian ad litem, JACQUELINE MARIE LOPEZ, individually and as successor-in-interest to Isaac Christian Abril; FRANK ABRIL; and SUSAN ABRIL, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SAN BERNARDINO, and DOES 1–10,<br><br>Defendants. | Case No.: 5:26-cv-2408-JGB-ACCV<br><br>**DEFENDANT CITY OF SAN BERNARDINO'S ANSWER TO PLAINTIFFS' FIRST AMENED COMPLAINT; RENEWED DEMAND FOR JURY TRIAL**<br><br>Original Complaint filed: May 6, 2026<br><br>**Matter For Determination Before The Honorable Jesus G. Bernal** |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

COMES NOW Defendant City of San Bernardino ("Defendant") and answering Plaintiffs' First Amended Complaint ("FAC") on file herein, for itself and for no other defendant, admits, denies, and alleges as follows:

1. Answering Paragraphs 1-5, Defendant admits that, under the facts alleged, the Court has subject matter and supplemental jurisdiction over Plaintiffs' claims at this time and that venue is proper. Defendant also admits that the California Superior Court only granted tort claims relief to the minor Plaintiffs (K.A. and L.A.) – while denying late claim relief to the non-minor Plaintiffs. Defendant denies generally and specifically each and every allegation contained therein and further denies that Plaintiffs are entitled to an award of damages or any other relief as a result of any act or omission by Defendant.

2. Answering Paragraphs 6-11, Defendant does not have sufficient information or belief to enable them to answer said paragraphs, except to the extent that such paragraphs state the type of damages sought in the FAC, and on that ground, deny each and every allegation contained therein.

3. Answering Paragraphs 13-25, and Plaintiffs' prayer for relief, Defendant is responding only on its own behalf and lacks sufficient information and belief to answer as to allegations made against the other defendants and the unnamed Doe defendants, and on that ground, denies each and every such allegation contained therein- except in so far as Defendant admits the officers listed in Paragraphs 13-17 were on duty law enforcement personnel, employed by Defendant's police department. As to the remainder of allegations made as to Defendant, Defendant denies generally and specifically each and every allegation contained therein and further denies that Plaintiffs are entitled to an award of damages or any other relief as a result of any act or omission by Defendant.

4. Answering Paragraph 12, Defendant admits the allegations therein,

except in so far as they relate to the unnamed Doe defendants, which allegations it denies based on a lack of information and belief.

5. Answering Paragraphs 26-43, 45-57, 59-63, 65-76, 78-86, 88-96, 98-105, 107-114, 116-123, 125-131, 132-143 and Plaintiffs' Prayer for Damages, Defendant admits that a San Bernardino Police responded to the incident location and had a law enforcement encounter with Decedent on April 5, 2025 and that Decedent died as a result of injuries sustained during the encounter. Defendant further admits that it contacted Frank Abril and K.A. on that date. Defendant is responding only on its own behalf and lacks sufficient information and belief to answer as to allegations made against the unnamed Doe defendants, and on that ground, denies each and every such allegation contained therein. As to any attempted statements of law contained in these paragraphs, Defendant is not required to provide a response here; however, Defendant does object that these statements may be, or are in fact, misleading, misstated, inapplicable and/or misapplied. Defendant notes that the encounter is captured on the officers' body worn cameras and disputes any allegations that are inconsistent with, or mischaracterize, that footage. As to the remainder of allegations made as to Defendant, Defendant denies generally and specifically each and every allegation contained therein.

6. Answering Paragraphs 44, 58, 64, 77, 87, 97, 106, 115, 124 and 132 which paragraphs assert no independent allegations, but rather are limited to incorporating the allegations in the paragraphs preceding them in the FAC, Defendant incorporates by reference its responses to those preceding paragraphs as though fully set forth herein.

## **FIRST AFFIRMATIVE DEFENSE**

7. The Doe defendants would be entitled to qualified immunity since there is no constitutional violation on the facts alleged and the applicable law was not clearly established.

**SECOND AFFIRMATIVE DEFENSE**

8. Defendant has only reasonable policies, practices and customs.

**THIRD AFFIRMATIVE DEFENSE**

9. Defendant adequately trains and supervises its law enforcement personnel.

**FOURTH AFFIRMATIVE DEFENSE**

10. Defendant is immune from liability, pursuant to California Government Code § 845.8, since any injuries resulted from a criminal suspect resisting or fleeing from arrest.

**FIFTH AFFIRMATIVE DEFENSE**

11. Each of Plaintiffs' state law claims is barred by the absolute privilege of California Government Code § 820.2.

**SIXTH AFFIRMATIVE DEFENSE**

12. Each of Plaintiffs' state law claims is barred by the absolute privilege of California Government Code § 815.2(b).

**SEVENTH AFFIRMATIVE DEFENSE**

13. Each of Plaintiffs' state law claims a barred by the absolute privilege of California Government Code § 821.6.

**EIGHTH AFFIRMATIVE DEFENSE**

14. Plaintiffs' California Civil Code § 52.1 claim fails because the Doe defendants did not use threats, intimidation, or coercion distinct from that which was inherent in the alleged constitutional violation.

**NINTH AFFIRMATIVE DEFENSE**

15. Plaintiffs fail to state a cause of action upon which relief can be granted.

**TENTH AFFIRMATIVE DEFENSE**

16. The actions of Defendant were at all relevant times reasonable, proper, and legal.

**ELEVENTH AFFIRMATIVE DEFENSE**

17. That any injury or damage suffered by Decedent and/or Plaintiffs was caused solely by reason of Decedent's wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt to discharge, the duty of his or her office, and not by reason of any unlawful acts or omissions of Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

18. Neither a public entity nor a public employee is liable for his or her act or omission, exercising due care, in the execution or enforcement of any law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

19. Neither a public entity nor a public employee is liable for any injury caused by the act or omission of another person.

**FOURTEENTH AFFIRMATIVE DEFENSE**

20. Plaintiffs' state law claims against Defendant are barred by Plaintiffs' failure to comply with the requirements of the Government Tort Claims Act.

**FIFTEENTH AFFIRMATIVE DEFENSE**

21. Plaintiffs have failed to mitigate their damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

22. Plaintiffs' recovery is barred for damages that they should have foreseen and could have avoided by reasonable effort.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

23. To the extent that any force was used after Decedent, it was privileged as necessary to affect the arrest, to prevent escape, or to overcome resistance.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

24. That the force, if any, used on Decedent was reasonable under the circumstances and that any injury or damages allegedly suffered by Decedent were due to and caused by reason of Decedent's acts and conduct in the unlawful assault and battery committed by Decedent.

## NINETEENTH AFFIRMATIVE DEFENSE

25. Decedent knew or should have known that he was being arrested by a peace officer and had the duty to refrain from using force to resist such arrest.

## TWENTIETH AFFIRMATIVE DEFENSE

26. This action is barred by the applicable statutes of limitations including, without limitation, California Code of Civil Procedure §§ 335.1, 342, 343.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

27. Plaintiffs lack standing as to the Decedent's estate and/or Plaintiffs have failed to join all necessary parties to the wrongful death claims.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

28. To the extent any force was used, it was privileged as being reasonably necessary, and being believed to be so necessary, to the lawful defense of third parties.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

29. The claims are barred by the doctrine of unclean hands.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

30. The claims are barred by the doctrine of equitable estoppel.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

31. The claims are barred by the doctrine of judicial estoppel.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

32. The claims are barred by the doctrine of collateral estoppel/issue preclusion.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

33. The claims are barred by the doctrine of waiver.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

34. The claims are barred by the doctrine of laches.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

35. Because Plaintiffs' FAC is couched in conclusory terms, Defendant

cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional defenses, if and to the extent that such affirmative defenses are applicable is hereby reserved.

WHEREFORE, Defendant prays that Plaintiffs take nothing by way of their FAC and that Defendant herein recover its costs and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

LAWRENCE BEACH ALLEN & CHOI, PC

Dated: November 20, 2026

By /s/ Aamir Raza

AAMIR RAZA
Attorneys for Defendant,
CITY OF SAN BERNARDINO

**RENEWED DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT

PLEASE TAKE NOTICE that Defendant City of San Bernardino hereby renews its demand for a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.[1]

Respectfully submitted,

LAWRENCE BEACH ALLEN & CHOI, PC

Dated: November 20, 2026 By /s/ Aamir Raza

AAMIR RAZA
Attorneys for Defendant,
CITY OF SAN BERNARDINO

[1] Defendant City of San Bernardino previously requested a trial by jury, but out of an abundance of caution, restates its prior jury demand.